1   NICHOLAS A. CARLIN, State Bar No. 112532
    nac@phillaw.com
2   KYLE P. O'MALLEY, State Bar No. 330184
    kpo@phillaw.com
3   PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
    39 Mesa Street, Suite 201 - The Presidio
4   San Francisco, CA 94129
    Telephone:    415-398-0900
5   Fax:          415-398-0911

6

7   Attorneys for Plaintiff

8                UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11  DARELL JACKSON, dba  JED                    Case No.:
    PRODUCTIONS

12

13              Plaintiff,                       **COMPLAINT FOR COPYRIGHT
                                                 INFRINGEMENT; CONTRIBUTORY
14          v.                                   COPYRIGHT INFRINGEMENT;
                                                 SLANDER OF TITLE;
15  APPLE, INC., a California corporation;       INTERFERENCE WITH
    NBCUNIVERSAL MEDIA, LLC, a                   PROSPECTIVE ECONOMIC
16  Delaware limited liability company;          RELATONS; FALSE DESIGNATION
    AMBLIN ENTERTAINMENT, INC., a                OF ORIGIN; DEFAMATION PER SE;
17  California corporation; DARYL                AND DECLARATORY RELIEF**
    ANDERSON and AMBER ANDERSON,
18  individually and doing business as           **JURY TRIAL DEMAND**
    NAKAMICHE MUZIC PUBLISHING.
19

20              Defendants.

21

22                      **INTRODUCTION**

23      1.      This is an action for copyright infringement seeking legal and equitable relief for

24  the unauthorized use of Plaintiff's song "Side Show" in the Apple TV+ show "Amazing

25  Stories." It is also an action for contributory copyright infringement, slander of title, intentional

26  interference with prospective economic relations, false designation of origin and defamation

27  seeking damages and injunctive relief for, *inter alia*, the unlawful acts that assisted the direct

28  infringement of "Side Show."

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

1

**JURISDICTION AND VENUE**

2

2.      This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)

3

and 2201.

4

3.      This Court has personal jurisdiction over Defendants because Plaintiff suffered

5

harm caused by Defendants in this district, and Defendants, both in connection with the facts

6

giving rise to this lawsuit and during the general course of their affairs, regularly conduct

7

substantial business and have sufficient minimum contacts in Northern California where

8

Plaintiff is based, or otherwise intentionally avail themselves of the markets within Northern

9

California, through the national promotion, sale, and marketing of their services, to render the

10

exercise of jurisdiction by this Court proper and necessary.

11

4.      Venue in this jurisdiction is proper under 28 U.S.C. § 1391(b) and (c).

12

**PARTIES**

13

5.      Plaintiff Darrell Jackson has been in the music business since the late 1980s,

14

primarily in the City of Oakland. Plaintiff is the founder and sole owner of JED Productions, a

15

music production company, and S&D Music, a music publishing company. Both companies are

16

sole proprietorships and "doing business as" designations of Plaintiff. Plaintiff focused on

17

developing and recording rap artists from the East Bay, including Richie Rich and others,

18

commercially releasing three albums and several EPs during the early 1990s. At all relevant

19

times, Plaintiff has operated from this District.

20

6.      Defendant Apple, Inc. ("APPLE") is a California corporation headquartered in

21

this District in Cupertino, California. APPLE operates AppleTV+ and distributes Amazing

22

Stories on that platform.

23

7.      Defendant NBCUniversal Media, LLC ("NBCU") is a Delaware limited liability

24

company headquartered in Universal City, California, regularly doing business in the Northern

25

District. On information and belief, NBCU produced Amazing Stories.

26

8.      Defendant Amblin Entertainment, Inc. ("AMBLIN") is a California corporation,

27

headquartered in Universal City, California, regularly doing business in the Northern District.

28

On information and belief, AMBLIN co-produced Amazing Stories.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

9.      APPLE, NBCU and AMBLIN shall be referred to herein jointly as the "Amazing Stories Defendants."

10.      Defendant Daryl Anderson ("D. ANDERSON") is an individual who, on information and belief, resides in Sacramento, California and regularly does business in the Northern District.

11.      Defendant Amber Anderson ("A. ANDERSON"), is an individual who, on information and belief, is married to D. ANDERSON, resides in Sacramento, California, and regularly does business in the Northern District. Defendants D. and A. ANDERSON are herein referred to collectively as the "ANDERSONS."

12.      On information and belief, Defendant Nakamiche Muzic Publishing ("NAKAMICHE") is a "doing business as" designation of the ANDERSONS. The ANDERSONS and NAKAMICHE are herein referred to jointly as the "NAKAMICHE DEFENDANTS."

13.      Plaintiff is informed and believes, and thereon alleges, that each defendant named in this complaint is in some manner responsible for the wrongs and damages as alleged below, and in so acting was functioning, at least at times, as the agent, servant, partner, alter ego and/or employee of the other defendants, and in doing and/or not doing the actions mentioned below was acting within the course and scope of his or her or its authority as such agent, servant, partner, and/or employee with the permission and consent of the other defendants. Further, all acts herein alleged were approved of and ratified by each and every other defendant.

## FIRST CLAIM - COPYRIGHT INFRINGEMENT
### (Against the Amazing Stories Defendants)

14.      In or about 1989, Plaintiff's company, JED Productions, produced an album called "41Fivin" by the group "415"—references to the former area code of Oakland and the East Bay. (Since then the area code has changed to 510.)

15.      One of the songs on that album is "Side Show," produced by Darrin "Digital-D" Harris and performed by Richard "Richie Rich" Serrell. The song had specific relevance to Oakland and the East Bay's youth scene at the time (and, as made clear from Defendants' use of

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

the song in Amazing Stories, still does). According to Wikipedia: "A sideshow is an informal demonstration of automotive stunts now often held in vacant lots, and public intersections, most often in the East Bay region of the San Francisco Bay Area, United States. Sideshows first appeared in Oakland, California as informal social gatherings of youth. Sideshows were made even more popular throughout the 1990s with such songs as bay area rapper Richie Rich's 'Sideshow' anthem." https://en.wikipedia.org/wiki/Sideshow_(automobile_exhibition).

16.    Plaintiff, through his wholly owned production company JED Productions, owns the copyrights in both the musical composition and sound recording of Side Show. Plaintiff registered the copyrights with the United States Copyright Office on May 4, 1990. The registration number is SRu000186832. [Exhibit 1.]

17.    On or about March 6, 2020, the Amazing Stories Defendants released the new streaming TV series "Amazing Stories." Episode 2 of that series, "The Heat," was released on March 13, 2020, and tells a story of young people in Oakland.

18.    The composition and sound recording of Side Show are used prominently in The Heat—and appropriately from a narrative standpoint—in a scene depicting a sideshow for about one and a half minutes (from 6:15 to 7:45).

19.    At no time has Plaintiff authorized the Amazing Stories Defendants to reproduce, distribute, perform, create derivative works based on, or otherwise exploit all or any portion of Side Show.

20.    The Amazing Stories Defendants' unauthorized use constitutes infringement of Plaintiff's copyrights in both the composition and sound recording of Side Show.

21.    Plaintiff has provided the Amazing Stories Defendants with proof of the registration for Side Show and has demanded that they cease and desist from continuing to infringe Plaintiff's copyrights. These Defendants, however, continue to use Side Show in The Heat.

22.    As a result of the Amazing Stories Defendants' copyright infringement, Plaintiff has suffered and continues to suffer actual damages in an amount according to proof at trial.

23.    As a further result of the Amazing Stories Defendants' copyright infringement, they have obtained direct and indirect profits they would not have otherwise realized but for their infringement of Side Show. Plaintiff is entitled to disgorgement of such profits.

24.    Plaintiff is further entitled to statutory damages. The Amazing Stories Defendants' acts of copyright infringement have been willful and intentional and in conscious disregard of Plaintiff's rights. Plaintiff will seek damages for such willful infringement in the amount of $150,000 per infringement, the number of infringements to be determined according to proof at trial.

25.    The Amazing Stories Defendants continue to infringe Plaintiff's copyrights by streaming or otherwise copying and distributing The Heat. Accordingly, Plaintiff is entitled to injunctive relief, preventing the Amazing Stories Defendants from continuing to unlawfully exploit Side Show.

26.    Plaintiff is further entitled to recover his reasonable attorneys' fees and costs in this action.

## SECOND CLAIM - CONTRIBUTORY COPYRIGHT INFRINGEMENT
## (Against the NAKAMICHE DEFENDANTS)

27.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

28.    Plaintiff is informed and believes that, beginning sometime after Plaintiff registered the copyrights in Side Show and continuing thereafter, the NAKAMICHE DEFENDANTS falsely represented and continue to falsely represent that they own the copyright in the composition and the sound recording of Side Show, including by, *inter alia*, falsely and publicly registering the composition as their own with ASCAP.

29.    Plaintiff is informed and believes that, beginning sometime after Plaintiff registered the copyrights in Side Show and continuing thereafter, the NAKAMICHE DEFENDANTS have falsely represented and continue to falsely represent to third parties that they own the copyrights in Side Show, including by, *inter alia*, falsely representing to the

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

Amazing Stories Defendants that the NAKAMICHE DEFENDANTS own the copyrights in Side Show and fraudulently licensing the use of Side Show to the Amazing Stories Defendants.

30.     Plaintiff is informed and believes that the NAKAMICHE DEFENDANTS have also falsely represented to the producers of the film "Stop Pepper Palmer" that they owned the copyrights in Side Show, and fraudulently licensed Side Show to them for use in that film.

31.     Plaintiff is informed and believes that the NAKAMICHE DEFENDANTS intend to further unlawfully exploit Side Show by distributing it digitally in 2020.

32.     The NAKAMICHE DEFENDANTS had knowledge of the Amazing Stories Defendants' infringing activity as described hereinabove.

33.     The NAKAMICHE DEFENDANTS' false representations to ASCAP and to the Amazing Stories Defendants as described herein induced, caused, or materially contributed to the Amazing Stories Defendants' infringing conduct.

34.     Plaintiff has provided the NAKAMICHE DEFENDANTS with proof of the registration for Side Show and has demanded they cease and desist from continuing to contribute to the infringement of Plaintiff's copyrights. These Defendants, however, continue to represent to the public through their ASCAP registration that they own rights in Side Show and on information and belief continue to represent to the Amazing Stories Defendants that they own rights in Side Show.

35.     As a result of the NAKAMICHE DEFENDANTS' contributory copyright infringement, Plaintiff has suffered and continues to suffer actual damages in an amount according to proof at trial.

36.     As a further result of the NAKAMICHE DEFENDANTS' contributory copyright infringement, they have obtained direct and indirect profits they would not have otherwise realized but for their contributory infringement of Side Show. Plaintiff is entitled to disgorgement of such profits.

37.     Plaintiff is further entitled to statutory damages. The NAKAMICHE DEFENDANTS' acts of contributory copyright infringement have been willful and intentional and in conscious disregard of Plaintiff's rights. Plaintiff will seek such damages for willful

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

1
2

infringement in the amount of $150,000 per infringement, the number of infringements to be determined according to proof at trial.

3
4
5

38.    The NAKAMICHE DEFENDANTS continue to contribute to the infringement of Plaintiff's copyrights. Accordingly, Plaintiff is entitled to injunctive relief ordering them to cease their contributory infringement of Side Show.

6
7

39.    Plaintiff is further entitled to recover his reasonable attorneys' fees and costs in this action.

8
9

**THIRD CLAIM – SLANDER OF TITLE**
**(Against the NAKAMICHE DEFENDANTS)**

10
11

40.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

12
13
14
15
16

41.    The NAKAMICHE DEFENDANTS made representations and statements (e.g., through falsely and publicly registering Side Show as their own with ASCAP and by representing to the Amazing Stories Defendants and the producers of Stop Pepper Palmer that the NAKAMICHE DEFENDANTS owned any copyright in Side Show) which cast doubts about Plaintiff's ownership of those copyrights.

17
18
19

42.    These representations and statements were false, as Plaintiff does in fact own the copyrights in Side Show, and the NAKAMICHE DEFENDANTS have no ownership interest in that intellectual property.

20
21
22

43.    At the time the NAKAMICHE DEFENDANTS made these statements and representations, they knew that Plaintiff owned Side Show, and/or acted with reckless disregard of the truth.

23
24
25

44.    The NAKAMICHE DEFENDANTS had no reasonable grounds to believe that the representations and statements they made to ASCAP, the Amazing Stories Defendants and others concerning their ownership of any copyright in Side Show were true.

26
27
28

45.    The NAKAMICHE DEFENDANTS' representations and statements were made for the purposes of inducing the general public, the Amazing Stories Defendants, and/or other entities in the music business to believe that the NAKAMICHE DEFENDANTS own Plaintiff's

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

7
**COMPLAINT**

intellectual property when they do not in fact own it and to usurp business opportunities from Plaintiff for themselves.

46.     The NAKAMICHE DEFENDANTS knew or should have recognized that someone else might act in reliance on these false representations and statements, causing Plaintiff financial loss.

47.     Plaintiff did in fact suffer immediate and direct financial harm because the Amazing Stories Defendants and the producers of Stop Pepper Palmer acted in reliance on these false representations and statements and therefore did not seek authorization from or compensate Plaintiff for the exploitation of Side Show.

48.     The NAKAMICHE DEFENDANTS' conduct was the legal and proximate cause of Plaintiff's harms and/or was a substantial factor in causing Plaintiff's harms.

49.     Plaintiff also suffered pecuniary loss because the NAKAMICHE DEFENDANTS' false and public ASCAP registration deprived Plaintiff of a market in which, but for that false registration, Plaintiff might with reasonable certainty have found a purchaser or licensee for Side Show. Plaintiff is entitled to compensatory damages for this harm.

50.     Plaintiff has also suffered and continues to suffer damages resulting from the loss of a license fee and/or royalties for the exploitation of Side Show by the Amazing Stories Defendants and others. On information and belief, the NAKAMICHE DEFENDANTS have received license fee and have been receiving and/or will receive royalties which rightfully belong to Plaintiff, and Plaintiff is entitled to restitution and disgorgement of any such proceeds.

51.     Plaintiff is presently suffering and will continue to suffer additional pecuniary losses in the form of his attorneys' fees and costs, which were rendered necessary in order to remedy the doubt cast on Plaintiff's title by the NAKAMICHE DEFENDANTS' false representations and statements. Plaintiff is entitled to recover these losses.

52.     The NAKAMICHE DEFENDANTS' conduct as described herein was fraudulent, malicious, and oppressive and Plaintiff is therefore entitled to punitive and exemplary damages pursuant to Cal. Civ. Code § 3294 *et seq.*

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

53.     The NAKAMICHE DEFENDANTS continue to slander Plaintiff's title to the Side Show composition by falsely asserting, through the publicly-available and searchable ASCAP repertoire (https://www.ascap.com/repertory), that they own the publishing rights in Side Show. Accordingly, Plaintiff is entitled to injunctive relief ordering the NAKAMICHE DEFENDANTS to remove their false ASCAP registration.

54.     Upon information and belief, the NAKAMICHE DEFENDANTS have slandered and continue to slander Plaintiff's title to Side Show by falsely maintaining to the Amazing Stories Defendants that the NAKAMICHE DEFENDANTS own the copyrights in Side Show. Accordingly, Plaintiff is entitled to injunctive relief ordering the NAKAMICHE DEFENDANTS to cease and desist from claiming they own any copyrights in Side Show.

## FOURTH CLAIM – INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS
### (Against the NAKAMICHE DEFENDANTS)

55.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

56.     Plaintiff, as the owner of the composition and sound recording copyrights in Side Show and other music, regularly transacts business in the marketplace for exploitation of music copyrights by third parties such as the Amazing Stories Defendants. That is, when a third party seeks to exploit music copyrights such as those in Side Show, it first seeks the requisite permissions from the copyright owner(s). This requires some basic repertoire research by the third party, e.g., into the identity of the true copyright owner(s) on ASCAP's or another performing rights society's website.

57.     The Amazing Stories Defendants sought to and did exploit the Side Show composition and sound recording copyrights. Those copyrights are owned by Plaintiff, and therefore third parties such as the Amazing Stories Defendants who must seek and obtain authorization for any exploitation and Plaintiff were and are in an economic relationship.

58.     This economic relationship between the Amazing Stories Defendants and Plaintiff probably would have resulted in future economic benefit to Plaintiff.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

59.     The NAKAMICHE DEFENDANTS knew or should have known of this relationship.

60.     The NAKAMICHE DEFENDANTS knew or should have known that this relationship between Plaintiff and the Amazing Stories Defendants would be disrupted if they failed to act with reasonable care and yet Defendants D. ANDERSON and NAKAMICHE failed to act with reasonable care.

61.     The NAKAMICHE DEFENDANTS engaged in wrongful conduct by misrepresenting to the Amazing Stories Defendants that Plaintiff did not own any rights in Side Show and that only the NAKAMICHE DEFENDANTS had the right to grant permission to exploit the work and to negotiate and exact a price for its exploitation. The NAKAMICHE DEFENDANTS knew these representations were false or made them with reckless disregard for their truth or falsity. The NAKAMICHE DEFENDANTS intended the Amazing Stories Defendants to rely on, and the Amazing Stories Defendants did reasonably rely on, these fraudulent misrepresentations.

62.     The NAKAMICHE DEFENDANTS also engaged in wrongful conduct by slandering Plaintiff's title to the copyright in the Side Show composition, as described hereinabove.

63.     The NAKAMICHE DEFENDANTS also engaged in wrongful conduct by contributing to the Amazing Stories Defendants' direct infringement of Plaintiff's copyrights in Side Show, as described hereinabove.

64.     The prospective relationship between the Amazing Stories Defendants and Plaintiff, the true owner of the Side Show copyrights, was disrupted.

65.     Plaintiff was harmed as a result.

66.     The NAKAMICHE DEFENDANTS' wrongful conduct was the legal and proximate cause of Plaintiff's harm and/or was a substantial factor in causing Plaintiff's harm.

67.     As a result of the NAKAMICHE DEFENDANTS' wrongful conduct, Plaintiff has sustained damages in the form of lost profits for the exploitation of the Side Show

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

composition and has sustained special damages in the form of emotional distress. Plaintiff is entitled to recover these damages in an amount according to proof at trial.

68.     In addition to these damages, Plaintiff is entitled to restitution in the form of disgorgement of the NAKAMICHE DEFENDANTS' unjust enrichment from the unlawful exploitation of Plaintiff's copyright.

69.     The NAKAMICHE DEFENDANTS' conduct as described herein was fraudulent, malicious, and oppressive and Plaintiff is therefore entitled to punitive and exemplary damages pursuant to Cal. Civ. Code § 3294 *et seq.*

70.     As an alternative to monetary judgment, Plaintiff is entitled to a constructive trust or equitable lien on any property obtained by the NAKAMICHE DEFENDANTS as a result of their interference with Plaintiff's prospective economic advantage.

71.     Finally, Plaintiff is entitled to an injunction against the NAKAMICHE DEFENDANTS to prevent future interference.

## FIFTH CLAIM – FALSE DESIGNATION OF ORIGIN
### (Against the NAKAMICHE DEFENDANTS)

72.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

73.     The NAKAMICHE DEFENDANTS' conduct constitutes false designation of origin in violation of 15 U.S.C. § 1125(a), which provides that, *inter alia*, "[a]ny person who . . . in connection with any goods or services . . . uses in commerce . . . any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

74.     By representing through their ASCAP registration and in their communications with the Amazing Stories Defendants that they own or control rights to the Side Show

---

11

**COMPLAINT**

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

composition, the NAKAMICHE DEFENDANTS used and continue to use in commerce false and misleading representations of fact in connection with Side Show and/or their publishing services for same.

75.     These false and misleading representations of fact were likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of the NAKAMICHE DEFENDANTS with Plaintiff (the true owner of the Side Show composition) and/or Richie Rich and Darren Harris (the true original composers of Side Show).

76.     These false and misleading representations of fact were likely to cause confusion, or mistake, or to deceive as to the origin, sponsorship, or approval of the NAKAMICHE DEFENDANTS' goods, services, or commercial activities by Plaintiff and/or Richie Rich and Darren Harris.

77.     These false and misleading representations of fact were made willfully and with knowledge of the falsity of such representations and for the purpose of causing confusion or mistake or to deceive consumers as described above.

78.     Plaintiff has been damaged by and will continue to be damaged by the NAKAMICHE DEFENDANTS' conduct and is entitled to recover their profits, up to three times any and all actual damages sustained by Plaintiff, and costs of this action pursuant to 15 U.S.C. § 1117(a).

79.     In addition, Plaintiff requests an award of his reasonable attorneys' fees under 15 U.S.C. § 1117(a) because this is an exceptional case.

## SIXTH CLAIM – DEFAMATION PER SE
### (Against A. ANDERSON)

80.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

81.     On information and belief, defendant A. ANDERSON communicated and represented to the Amazing Stories Defendants that Plaintiff has a history of making false and fraudulent claims of ownership of copyrights in 415 music and that Plaintiff fraudulently extracted an advance of $140,000 from Capitol Records by falsely asserting his ownership of

certain copyrights in 415's music. These representations are false and unprivileged and exposed Plaintiff to hatred, contempt, ridicule, or obloquy, caused Plaintiff to be shunned or avoided by others, and have a tendency to injure him in his occupation.

82.     The Amazing Stories Defendants reasonably understood that the statements A. ANDERSON made were about Plaintiff.

83.     The Amazing Stories Defendants reasonably understood the statements Defendant A. ANDERSON made to mean that Plaintiff had committed a crime.

84.     In addition, the statements Defendant A. ANDERSON made tended to injure Plaintiff in respect to his profession, trade or business by imputing fraudulent and/or criminal conduct to Plaintiff in the course of his business dealings which has a natural tendency to lessen Plaintiff's profits by discouraging others to transact business with him.

85.     In addition, Defendant A. ANDERSON's statements to the Amazing Stories Defendants by natural consequence caused actual damages to Plaintiff, who has had to and will continue to expend time and resources to attempt to rehabilitate his reputation.

86.     Defendant A. ANDERSON failed to use reasonable care to determine the truth or falsity of these defamatory statements, and/or and knew the statements were false or made with reckless disregard for their truth or falsity.

87.     Defendant A. ANDERSON's wrongful conduct was a substantial factor in causing harm to Plaintiff's business, profession, and occupation; causing Plaintiff to incur expenses as a result of the defamatory statements; causing harm to Plaintiff's reputation; and causing Plaintiff to feel shame, mortification, and hurt feelings. Plaintiff is entitled to recover these actual damages in an amount to be proven at trial.

88.     In addition to or instead of actual damages, Plaintiff is entitled to presumed damages in an amount reasonable to compensate him for the presumed harm he has suffered.

89.     Because in making these false and defamatory statements Defendant A. ANDERSON acted with malice, oppression, and fraud, Plaintiff is also entitled to punitive and exemplary damages.

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA   94129
(415) 398-0900

90.     Finally, because her defamatory statements relate to Plaintiff's business activities and damage his professional reputation, Plaintiff is entitled to an injunction against Defendant A. ANDERSON ordering her to retract her false and defamatory statements.

## SEVENTH CLAIM – DECLARATORY RELIEF

### (Against All Defendants)

91.     Plaintiff re-alleges and incorporates by reference the foregoing allegations as though fully set forth herein.

92.     On information and belief, Defendants contest and dispute Plaintiff's ownership of the composition copyright in Side Show and Plaintiff's ownership of the sound recording copyright for the master recording Defendants used in The Heat.

93.     Pursuant to 28 U.S.C. § 2201(a), Plaintiff hereby seeks and requests that this Court declare the copyrights in and to the sound recording and composition at issue belong exclusively to Plaintiff and that such declaration have the force and effect of a final judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That all Defendants and their agents and servants be enjoined from infringing, or contributing to the infringement of, Plaintiff's copyrights in any manner whatsoever, including, but not limited to, the use of Side Show in The Heat;

2.     That the NAKAMICHE DEFENDANTS be enjoined from claiming that they own all or any part of the copyrights in Side Show;

3.     The Defendant A. ANDERSON be enjoined from defaming Plaintiff;

4.     That Plaintiff be awarded actual damages for copyright infringement in an amount to be determined at trial;

5.     That Plaintiff be awarded up to three times his actual damages for false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125, in an amount to be determined at trial;

6.     That Plaintiff be awarded all other actual damages arising in any manner from Defendants' acts and omissions as described hereinabove;

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

7.      That Defendants account to Plaintiff for their profits and pay to Plaintiff all profits attributable to the infringement;

8.      That Plaintiff be awarded statutory damages in the amount of $150,000 per infringement of its copyright or such other amount as may be determined at trial;

9.      That Plaintiff be awarded reasonable litigation expenses, costs, and attorneys' fees;

10.     That Plaintiff be awarded punitive damages against the NAKAMICHE DEFENDANTS for slander of title and intentional interference with prospective economic relations;

11.     That Plaintiff be awarded punitive damages against A. ANDERSON for defamation per se;

12.     That A. ANDERSON be ordered to retract her false and defamatory statements;

13.     That Plaintiff be awarded presumed damages;

14.     That a constructive trust or equitable lien be placed on any property obtained by the NAKAMICHE DEFENDANTS as a result of their interference with Plaintiff's prospective economic advantage;

15.     That Plaintiff be awarded restitution and disgorgement of Defendants' unjust enrichment in an amount to be proven at trial;

16.     That Plaintiff be awarded special damages in an amount to be proven at trial;

17.     That Plaintiff be awarded the lost profits he would have received but for Defendants' unlawful exploitation of Side Show without his consent;

18.     That Plaintiff be awarded pre- and post-judgment interest, to the maximum extent allowable by law;

19.     That the Court declare the copyrights in and to the sound recording and composition of Side Show used in The Heat belong exclusively to Plaintiff and that such declaration have the force and effect of a final judgment; and

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

**COMPLAINT**

1    20.    Such other and further relief as equity and justice may require.

2

3   Dated: May 12, 2020                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

4

5                                          By:  /s/ Nicholas A. Carlin
6                                               Nicholas A. Carlin
7                                               Kyle P. O'Malley
                                                Attorneys for Plaintiff
8

9                                   **JURY DEMAND**

10      Plaintiff hereby demands a jury trial on all issues so triable

11

12   Dated: May 12, 2020                    PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

13

14

15                                         By: /s/ Nicholas A. Carlin
16                                              Nicholas A. Carlin
                                                Kyle P. O'Malley
17                                              Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
39 Mesa Street, Suite 201 – The Presidio
San Francisco, CA  94129
(415) 398-0900

**COMPLAINT**