DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendants
APPLE INC., NBCUNIVERSAL MEDIA, LLC,
and STORYTELLER DISTRIBUTION CO., LLC,
dba AMBLIN PARTNERS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREL JACKSON, dba JED PRODUCTIONS,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., a California corporation; NBCUNIVERSAL MEDIA, LLC, a Delaware limited liability company; STORYTELLER DISTRIBUTION CO., LLC, a Delaware limited liability company, dba AMBLIN PARTNERS; DARYL ANDERSON and AMBER ANDERSON, individually and doing business as NAKAMICHE MUZIC PUBLISHING,<br><br>Defendants. | Case No.: 4:20-cv-03232-JSW<br><br>Assigned to Hon. Jeffrey S. White<br><br>**ANSWER OF DEFENDANTS APPLE, INC., NBCUNIVERSAL MEDIA, LLC, AND STORYTELLER DISTRIBUTION CO., LLC, dba AMBLIN PARTNERS TO FIRST AMENDED COMPLAINT**<br><br>First Amended Complaint Filed: June 2, 2020 |

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

1

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

Defendants Apple Inc.[1] ("Apple"), NBCUniversal Media, LLC ("NBCUniversal") and Storyteller Distribution Co., LLC, dba Amblin Partners (Amblin") (collectively, the "Amazing Stories Defendants") answer the First Amended Complaint filed by plaintiff Darrel Jackson ("Plaintiff") in this action as follows:

## INTRODUCTION

1. No response to Paragraph 1 is required, as it purports to characterize the claims in this action. To the extent a response is required, the Amazing Stories Defendants admit that this action purports to seek damages and injunctive relief for copyright infringement, slander of title, intentional interference with prospective economic relations, false designation of origin and defamation.

## JURISDICTION AND VENUE

2. Paragraph 2 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they do not challenge the Court's subject matter jurisdiction in this action.

3. Paragraph 3 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants do not challenge personal jurisdiction over them in this action. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the principal places of business and activities of the other Defendants in this action, and on that basis deny the allegations contained in Paragraph 3 as they pertain to those other Defendants.

4. Paragraph 4 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants do not challenge venue in this action.

---

[1] Plaintiff improperly commenced this action against "Apple, Inc." The proper name for this entity is "Apple Inc." (without the comma).

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

2

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

## PARTIES

5. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5, and on that basis deny said allegations.

6. Apple admits the allegations contained in Paragraph 6. NBCUniversal and Amblin lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis deny said allegations.

7. NBCUniversal denies the allegations contained in Paragraph 7, except admits that NBCUniversal and/or its subsidiaries conduct business in the Northern District of California. Apple and Amblin lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis deny said allegations.

8. Amblin denies the allegations contained in Paragraph 8, except admits that its headquarters are in Universal City, California, that it is qualified to do business in the Northern District of California, and that it co-produced Amazing Stories. Apple and NBCUniversal lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis deny said allegations.

9. No response to Paragraph 9 is required, as it purports to define terms used in the First Amended Complaint.

10. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10, and on that basis deny said allegations.

11. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis deny said allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

3

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

12. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis deny said allegations.

13. The Amazing Stories Defendants deny the allegations contained in Paragraph 13 to the extent they concern the Amazing Stories Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 to the extent they concern other Defendants, and on that basis they deny said allegations.

## FIRST CLAIM – COPYRIGHT INFRINGEMENT
## (Against the Amazing Stories Defendants)

14. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis deny said allegations.

15. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis deny said allegations.

16. The Amazing Stories Defendants deny that any evidence of Plaintiff's purported certificate of copyright registration with the United States Copyright Office is attached as Exhibit 1 to the First Amended Complaint, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis deny said allegations.

17. The Amazing Stories Defendants deny the allegations contained in Paragraph 17, except admit that the television series titled *Amazing Stories* was released on Apple TV+ on or about March 6, 2020, and that Episode 2 of *Amazing Stories* (the "Episode"), which is titled *The Heat* and was released on Apple TV+ on or about March 13, 2020, and is a ghost story about two friends on a high school track team navigating their feelings for one another after one friend dies and, as a ghost, helps the other train to win a college track scholarship.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

4

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

18. The Amazing Stories Defendants deny the allegations contained in Paragraph 18, except admit that NBCUniversal obtained a license from Defendant Nakamiche Muzic Publishing ("Nakamiche") for use of the musical composition and recording titled "Side Show" (the "Song") in the Episode, and used the Song as authorized under the terms of that license, for approximately 90 seconds in the Episode.

19. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, and on that basis deny said allegations, except admit that NBCUniversal obtained a license for use of the Song from Nakamiche.

20. The Amazing Stories Defendants deny the allegations contained in Paragraph 20.

21. The Amazing Stories Defendants deny the allegations contained in Paragraph 21, except admit that Plaintiff provided NBCUniversal with what purports to be a copy of a registration for a sound cassette for a work entitled "Side Show", that Plaintiff sent Defendants a demand letter, and that a portion of the Song was included in the Episode.

22. The Amazing Stories Defendants deny the allegations contained in Paragraph 22.

23. The Amazing Stories Defendants deny the allegations contained in Paragraph 23.

24. The Amazing Stories Defendants deny the allegations contained in Paragraph 24.

25. The Amazing Stories Defendants deny the allegations contained in Paragraph 25.

26. The Amazing Stories Defendants deny the allegations contained in Paragraph 26 to the extent they concern the Amazing Stories Defendants, and they lack knowledge or information sufficient to form a belief as to the truth of the

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

5

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

allegations contained in Paragraph 26 to the extent they concern other Defendants, and on that basis they deny said allegations.

## SECOND CLAIM – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (Against the NAKAMICHE DEFENDANTS)

27. The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, and on that basis deny said allegations, except admit that Nakamiche is listed as the relevant administrator for the Song through ASCAP, that Nakamiche represented that it administers 100% of the publishing rights and master rights for the Song, and that Nakamiche authorized the Amazing Stories Defendants' use of the Song in the Episode.

29. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29, and on that basis deny said allegations, except admit that Nakamiche is listed as the relevant administrator for the Song through ASCAP, that Nakamiche represented that it administers 100% of the publishing rights and master rights for the Song, and that Nakamiche authorized the Amazing Stories Defendants' use of the Song in the Episode.

30. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis deny said allegations.

31. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31, and on that basis deny said allegations.

32. The Amazing Stories Defendants deny the allegations contained in Paragraph 32 to the extent they concern Amazing Stories Defendants, specifically

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

6

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

denying that they engaged in any infringing conduct, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 to the extent they concern other Defendants, and on that basis they deny said allegations.

33. The Amazing Stories Defendants deny that they engaged in any infringing conduct, admit that they relied on the ASCAP registration and the representations made by Nakamiche regarding ownership of the Song, and they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 to the extent they concern other Defendants, and on that basis they deny said allegations.

34. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34, and on that basis deny said allegations, except admit that Nakamiche continues to represent to them that Nakamiche administers 100% of the publishing rights and master rights for the Song.

35. Paragraph 35 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, and on that basis deny said allegations.

36. Paragraph 36 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36, and on that basis deny said allegations.

37. Paragraph 37 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants deny the allegations contained in Paragraph 37 to the extent they concern the Amazing Stories Defendants, and lack knowledge or information sufficient to form

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

7

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

a belief as to the truth of the allegations contained in Paragraph 37 to the extent they concern other Defendants, and on that basis they deny said allegations.

38. Paragraph 38 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38, and on that basis deny said allegations.

39. The Amazing Stories Defendants deny the allegations contained in Paragraph 39 to the extent they concern the Amazing Stories Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 to the extent they concern other Defendants, and on that basis they deny said allegations.

## THIRD CLAIM – SLANDER OF TITLE
### (Against the NAKAMICHE DEFENDANTS)

40. The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 39 as though fully set forth herein.

41. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41, and on that basis deny said allegations, except admit that Nakamiche is listed as the relevant administrator for the Song through ASCAP, that Nakamiche represented that it administers 100% of the publishing rights and master rights for the Song, and that Nakamiche authorized the Amazing Stories Defendants' use of the Song in the Episode.

42. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42, and on that basis deny said allegations.

43. Paragraph 43 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

8

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43, and on that basis deny said allegations.

44. Paragraph 44 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44, and on that basis deny said allegations.

45. Paragraph 45 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis deny said allegations.

46. Paragraph 46 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis deny said allegations.

47. Paragraph 47 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis deny said allegations, except admit that NBCUniversal reasonably relied on Nakamiche's registration as the relevant administrator of the Song through ASCAP, and representations that it administers 100% of the publishing rights and master rights for the Song, in licensing its use of the Song from Nakamiche.

48. Paragraph 48 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis deny said allegations.

49. Paragraph 49 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

9

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49, and on that basis deny said allegations.

50. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50, and on that basis deny said allegations, except admit that NBCUniversal paid Nakamiche a license fee for use of the Song in the Episode.

51. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis deny said allegations.

52. Paragraph 52 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis deny said allegations.

53. Paragraph 53 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis deny said allegations, except admit that Nakamiche is listed as the relevant administrator for the Song through ASCAP, and that this information is publicly available and searchable.

54. Paragraph 54 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis deny said allegations, except admit that Nakamiche continues to represent to them that Nakamiche administers 100% of the publishing rights and master rights for the Song.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

10

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

## FOURTH CLAIM – INTENTIONAL INTERFERENCE WITH

## PROSPECTIVE ECONOMIC RELATIONS

## (Against the NAKAMICHE DEFENDANTS)

55. The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 54 as though fully set forth herein.

56. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and on that basis deny said allegations, except admit that customary and typical music licensing practice is to identify the relevant administrator for the relevant composition through ASCAP or another performing rights organization's website.

57. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57, and on that basis deny said allegations, except specifically deny that they have an economic relationship with Plaintiff, and admit that NBCUniversal obtained a valid license from Nakamiche for use of the Song in the Episode, and used the Song solely as authorized under the terms of that license.

58. The Amazing Stories Defendants deny the allegations contained in Paragraph 58 that they have an economic relationship with Plaintiff, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58, and on that basis deny said allegations.

59. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59, and on that basis deny said allegations.

60. The Amazing Stories Defendants deny the allegations contained in Paragraph 60 that they have an economic relationship with Plaintiff, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and on that basis deny said allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

11

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

61. Paragraph 61 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis deny said allegations, except admit that Nakamiche represented that it administers 100% of the publishing rights and master rights for the Song, and that NBCUniversal's reliance on this representation, in addition to the identification of Nakamiche as the relevant administrator through ASCAP, was reasonable.

62. Paragraph 62 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis deny said allegations.

63. Paragraph 63 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants deny the allegation contained in Paragraph 63 that they engaged in direct infringement of Plaintiff's purported copyrights in the Song, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis deny said allegations.

64. The Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis deny said allegations.

65. The Amazing Stories Defendants deny the allegations contained in Paragraph 65 to the extent they concern the Amazing Stories Defendants, and lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 to the extent they concern other Defendants, and on that basis they deny said allegations.

66. Paragraph 66 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

12

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66, and on that basis deny said allegations.

67.     Paragraph 67 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and on that basis deny said allegations.

68.     Paragraph 68 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and on that basis deny said allegations.

69.     Paragraph 69 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69, and on that basis deny said allegations.

70.     Paragraph 70 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70, and on that basis deny said allegations.

71.     Paragraph 71 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71, and on that basis deny said allegations.

## FIFTH CLAIM – FALSE DESIGNATION OF ORIGIN
### (Against the NAKAMICHE DEFENDANTS)

72.     The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 71 as though fully set forth herein.

73.     Paragraph 73 contains legal conclusions, to which no response is required.  To the extent a response is required, the Amazing Stories Defendants state

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

13

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis deny said allegations.

74. Paragraph 74 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74, and on that basis deny said allegations.

75. Paragraph 75 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis deny said allegations.

76. Paragraph 76 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis deny said allegations.

77. Paragraph 77 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77, and on that basis deny said allegations.

78. Paragraph 78 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and on that basis deny said allegations.

79. No response to Paragraph 79 is required, as it purports to characterize the relief sought by Plaintiff in this action. To the extent a response is required, the Amazing Stories Defendants admit that Plaintiff purports to seek an award of his reasonable attorneys' fees.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

14

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

## SIXTH CLAIM – DEFAMATION PER SE
## (Against A. ANDERSON)

80. The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 79 as though fully set forth herein.

81. Paragraph 81 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81, and on that basis deny said allegations, except admit that Defendant Amber Anderson communicated and represented to NBCUniversal that Plaintiff has previously tried to claim ownership of the Song and other music produced by Defendant Daryl Anderson, p/k/a "DJ Daryl", and induced a third party into giving him $140,000 by telling that third party that Plaintiff produced all of the songs on the album "41Fivin", which includes the Song.

82. To the extent the allegations in Paragraph 82 concern the statements referenced in Paragraph 81, the Amazing Stories Defendants admit the allegations contained in Paragraph 82.

83. Paragraph 83 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and on that basis deny said allegations.

84. Paragraph 84 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84, and on that basis deny said allegations.

85. Paragraph 85 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and on that basis deny said allegations.

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

15

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

86. Paragraph 86 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, and on that basis deny said allegations.

87. Paragraph 87 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and on that basis deny said allegations.

88. Paragraph 88 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and on that basis deny said allegations.

89. Paragraph 89 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and on that basis deny said allegations.

90. Paragraph 90 contains legal conclusions, to which no response is required. To the extent a response is required, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90, and on that basis deny said allegations.

## **SEVENTH CLAIM – DECLARATORY RELIEF**
### **(Against All Defendants)**

91. The Amazing Stories Defendants repeat and reassert their responses to the allegations contained in Paragraphs 1 through 90 as though fully set forth herein.

92. The Amazing Stories Defendants deny the allegations contained in Paragraph 92 to the extent they concern the Amazing Stories Defendants, except admit that they contest and dispute that Plaintiff has established any ownership interest in the Song, that ASCAP's listing of Nakamiche is incorrect, and that

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

16

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

Nakamiche lacks the rights to administer the publishing and master rights for the Song. To the extent the allegations contained in Paragraph 92 concern other Defendants, the Amazing Stories Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 to the extent they concern other Defendants, and on that basis they deny said allegations.

93. No response to Paragraph 93 is required, as it purports to characterize the relief Plaintiff seeks in this action. To the extent a response is required, the Amazing Stories Defendants admit that Plaintiff purports to seek a declaration that he owns the Song.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the First Amended Complaint, the Amazing Stories Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1. Plaintiff's claims of copyright ownership are barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (License)

2. Plaintiff's claims against the Amazing Stories Defendants are barred because NBCUniversal has a valid license for use of the Song.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. Plaintiff's claims against the Amazing Stories Defendants are barred by the equitable doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. Plaintiff's claims against the Amazing Stories Defendants are barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. Plaintiff's claims against the Amazing Stories Defendants are barred by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Reasonable Reliance)

6. Plaintiff's claim for damages against the Amazing Stories Defendants is barred because Nakamiche is listed as the relevant administrator for the Song through ASCAP and the Amazing Stories Defendants reasonably relied on that listing.

### SEVENTH AFFIRMATIVE DEFENSE

### (Monetary Damages)

7. Plaintiff's claim for injunctive relief enjoining the Amazing Stories Defendants' use of the Song is barred because monetary damages would provide an adequate remedy for Plaintiff's alleged injury.

### EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8. Plaintiff's claims against the Amazing Stories Defendants are barred by the doctrine of unclean hands.

**WHEREFORE**, Defendants pray as follows:

1. That Plaintiff recovers nothing by reason of his First Amended Complaint, and that the First Amended Complaint be dismissed with prejudice;

Loeb & Loeb
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

18

AMAZING STORIES DEFENDANTS'
ANSWER TO FIRST AMENDED COMPLAINT

2.  That the Amazing Stories Defendants be awarded all costs, fees, expenses and disbursements that they have incurred and will incur in the defense of this suit; and

3.  For such other and further relief as the Court deems just and proper.

Dated:  June 26, 2020

LOEB & LOEB LLP
DAVID GROSSMAN

By: */s/ David Grossman*
David Grossman
Attorneys for Defendants
APPLE INC., NBCUNIVERSAL MEDIA, LLC, and STORYTELLER DISTRIBUTION CO., LLC, dba AMBLIN PARTNERS

**Loeb & Loeb**
A Limited Liability Partnership
Including Professional
Corporations

19154627.2
231389-10006

19

AMAZING STORIES DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT